THE STATE, THOMAS WINSOR AND OTHERS, PROSECUTORS, v. PETER BROWN AND OTHERS, TRUSTEES.

A *certiorari* is not properly used to bring before this court the certificate of the name, &c., of a school district, to enable the court to decide upon the legal existence of the corporation.

---

On *certiorari* to trustees of a school district in the township of Howell, Monmouth county.

Under our school law the trustees of any school district may adopt a name and become incorporated, and with the town superintendent, make and sign a certificate, containing a description of the boundaries of the district, with the name adopted, and have the same recorded by the clerk of the county, and thereupon the said trustees and their successors, shall become a body politic and be capable of holding lands, &c.

The trustees of the West Farms District, No. 6, became incorporated under the provisions of this act.

This *certiorari* is now brought by the prosecutors, in the name of the state, to set aside the proceedings of the trustees, and to have the incorporation declared invalid, upon the ground that one of the trustees who acted in the premises and signed the certificate, was not at the time a legally elected trustee.

It was contended on the part of the defendants, that the writ of *certiorari* could not lawfully be used for such purpose.

For the prosecutors, *F. Kingman.*

For the defendants, *E. W. Scudder.*

The opinion of the court was delivered by

ELMER, J.    The *certiorari* in this case is directed to three persons, "trustees of West Farms School District, No. 6, in the township of Howell, in the county of Monmouth," and commands them to certify and send to this court the certificate of incorporation of the said school district.    This having been done, it is now moved, on behalf of the prosecutors, taxable inhabitants of said district, that the same be declared illegal and void, because one of the trustees who signed it, May 13th, 1862, was not, as is alleged, legally elected.    The object is, in this way to obtain a decision of this court declaring the incorporation illegal, and thus to invalidate all the acts of those persons who have claimed to be corporators.

If the corporation was never legally constituted, and it is necessary to obtain the judgment of the court so adjudging, the proper mode of proceeding is by a *scire facias* or *quo warranto*, so that the corporation itself may be directly before the court.    *Ang. & Am. on Corp., chap.* 21.    No case has been cited, nor am I aware of any in which a *certiorari* has been allowed to bring up a certificate of incorporation, or any other proceeding, for the purpose of enabling the court to determine the legal existence of an alleged corporation. In the case of *The State* v. *Browning*, 4 *Dutcher* 561, it was held that a *certiorari* to bring up a certificate of the alteration of a school district, could not be properly directed to the clerk of the county, who had recorded the same; and the judge who delivered the opinion of the Court of Errors remarks: "By the act to incorporate trustees of religious societies, it is provided that after the first trustees are elected and have taken upon themselves a name, they shall certify such name under their hands and seals, and transmit such certificate to the clerk of the county to be recorded; whereupon they shall be known by their corporate name, so cer-

tified and recorded. Yet if the legality of an organization of a religious society should be denied, it would hardly be contended that the corporate body could be brought before the Supreme Court by a return to a *certiorari* directed to the clerk of the county, he having no interest whatever in the matter."

To make use of a *certiorari* for such a purpose, is to forget its nature and design and mode of operation. It is a writ in the nature of a writ of error, and is used in those cases where a regular writ of error does not lie, to bring before this court the judgment, order, and proceedings of inferior tribunals, either before or after the judgment or decision has been made, as the case may require, so that this court, in the exercise of its superintending power, may stay, affirm or set aside such judgment or proceeding; and when properly used, it is of itself a *supersedeas*, which stays all proceedings by the inferior tribunal or its officers, because it takes away from them and brings into this court the judgment, writ, or other authority, under which they are acting. *Ludlow* v. *Ludlow*, 1 *South.* 389; *State* v. *Coleman*, 1 *Green* 103; *Carron* v. *Martin*, 2 *Dutcher* 600. It must be directed to the person who, in legal contemplation, has the custody of the record or proceeding required to be certified, and ordinarily the record itself should be returned. *Morris Canal* ads. *The State*, 2 *Green* 411. This writ can, therefore, only be properly used, where the proceeding of the inferior tribunal is of a judicial nature, and where the record or other evidence of its judgment will of itself, if left in force, operate to affect the interests of the public or of some individual, as in cases of orders by justices, assessment of taxes, damages, &c., and other like proceedings.

Section nine of the supplement to the act to establish public schools, approved March 14th, 1851, *Nix. Dig.* 780, § 40,* provides that when the trustees of any school district shall desire to become incorporated, they shall adopt a name, and, together with the town superintendent, they shall make and sign a certificate, which shall be recorded by the clerk

*Repealed. *Rev., p.* 1074, § 24.

of the county; and thereupon the said trustees and their successors shall be a body politic and corporate. By various other acts, academies, religious and benevolent societies, manufacturers and others, may become corporate bodies in substantially the same manner. The certificate in these cases has none of the characteristics of a judgment or process; but, like the certificate of the alteration of a school district, is required to be made and recorded for the purpose of giving notice to all persons interested, of the name adopted and the nature of the corporation.

Most of our corporations, as well as incorporated school districts, are empowered to have a common seal, to make contracts, carry on business, and hold real estate. Once *de facto* formed and exercising corporate powers, their proceedings certainly cannot be suspended, merely by bringing into this court either the original certificate of incorporation or the record thereof. In many cases it would be highly prejudicial to the public interest to declare them inoperative and in effect dissolved, and their property liable to be seized by the grantor or the state. Proceedings by way of *quo warranto* to have this effect, can only be in the name of the state, through the attorney general acting *ex officio*; and where the object is to displace a particular officer or member of the corporation by a proceeding instituted by a proper relator. *The State* v. *The Paterson and Hamburgh Turnpike Co.*, 1 *Zab.* 9; *The State* v. *Gummersall*, 4 *Zab.* 529.

In my opinion this *certiorari* has been improvidently allowed and must be dismissed.

Writ dismissed.